IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AMER KARIC,** | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-24-1327 |
| **SCHNEIDER NATIONAL BULK CARRIERS, INC.,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Amer Karic filed a lawsuit in the Circuit Court for Prince George's County, Maryland, seeking relief for injuries he sustained from a 2021 motor vehicle accident. Karic sued six defendants: Schneider National Bulk Carriers, Inc. ("Schneider"), Johnnatan Brand, Nationwide Property and Casualty Insurance Company ("Nationwide"), Budget Truck Rental LLC ("Budget"), Progressive Gulf Insurance Company ("Progressive"), and an unknown person ("John Doe"). Schneider and Brand removed the case to this Court, and Nationwide, Budget, and Progressive eventually consented to the removal. Karic moved for entry of default against Schneider, and shortly thereafter moved to remand the case to state court. Schneider and Brand opposed. The motion to remand has been fully briefed. *See* ECF 28, 29, 37, & 40. No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the following reasons, Karic's motion to remand is granted.

I.   **Relevant Background**

On June 22, 2021, Brand and Karic's vehicles collided on the shoulder of Interstate 95. ECF 1, ¶ 2; ECF 3, ¶ 11. Brand was operating a vehicle on behalf of Schneider. ECF 1, ¶ 2. On April 11, 2024, Karic filed his complaint in the Circuit Court for Prince George's County, Maryland. *See* ECF 3. Karic sued Brand for negligence and Brand's employer, Schneider, under a

theory of vicarious liability. *Id.* ¶¶ 18–27. Karic also sued John Doe for negligence, *id.* ¶¶ 28–34, and Progressive, Nationwide, and Budget—Karic's alleged insurers at the time of the accident—for breach of contract, *id.* ¶¶ 35–51. Karic demanded "an amount to be determined at trial, but believed to be in excess of seventy-five thousand dollars." *Id.* at 10.

Karic served Schneider, Budget, Progressive, and Nationwide on April 29, 2024. ECF 16, 23, 25, & 26. On May 7, 2024, Schneider and Brand removed the case to this Court. ECF 1. By filing the notice of removal, Brand waived formal service. *Id.* ¶ 5. In the removal notice, Schneider and Brand alleged there is diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. *Id.* ¶¶ 7–15; *see* 28 U.S.C. § 1332(a)(1). Schneider and Brand did not indicate that the other defendants had consented to removal. *See* ECF 1. However, they did state that Budget "intends to formally join the Notice of Removal" and that "[d]iligent and good faith investigation reveals that Defendants Nationwide Property and Casualty Insurance Company, and Progressive Gulf Insurance Company have not yet been served to date." ECF 7, ¶ 5. Schneider and Brand sent the notice of removal to Budget, Nationwide, and Progressive on May 7, 2024. ECF 1, at 6. On May 20, 2024, Budget filed notice of its consent to removal. ECF 9. Nationwide filed its answer on May 21, 2024. ECF 10. On June 6, 2024, Karic moved to remand the case to state court. ECF 28 & 29. The next day, Nationwide filed notice of its consent to removal. ECF 30. On June 17, 2024, Progressive filed its answer, ECF 34, and notice of its consent to removal, ECF 35. Schneider and Brand opposed the motion to remand, ECF 37, and Karic replied, ECF 40.

Meanwhile, on May 30, 2024, Karic moved for entry of default against Schneider because Schneider did not file a responsive pleading when it was due. ECF 17. Four days later, Schneider filed its answer, ECF 19, and opposed Karic's motion for entry of default, ECF 21. In the

opposition, Schneider explained that its counsel, having mis-calendared the deadline to respond to the complaint, requested consent to extend this deadline after it had already passed—a request which Karic's counsel denied. *Id.* ¶¶ 2–4. This belated request for an extension appears to have been reasonable because Schneider's counsel was caring for her husband who was undergoing treatment for a serious illness. *Id.* ¶¶ 2–3. The Court will not rule on Karic's motion for entry of default because the case is remanded to state court.

## II.     Standard of Review

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1). When a plaintiff files such an action in state court, the case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* § 1441(a). A plaintiff can move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" up to 30 days after the notice of removal is filed. *See id.* § 1447(c); *see Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994). "The burden of demonstrating jurisdiction and therefore the propriety of removal rests with the removing party." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013).

The Court "strictly construe[s]" removal statutes because "the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc), *abrogated in part on other grounds by* 28 U.S.C. § 1446(b)(2)(B); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). "[A]ny doubt about the

3

propriety of removal should be resolved in favor of remanding the case to state court." *Barbour*, 640 F.3d at 615.

### III. Discussion

Karic moves to remand the case to state court. He argues that the defendants did not unanimously consent to removal in a timely manner. Schneider and Brand, who filed the notice of removal and bear the burden of establishing removal is proper, counter that this defect has been cured and that Karic waived his right to remand by moving for entry of default against Schneider.

#### A. Unanimous Consent

Karic argues that remand is required because the removing defendants did not comply with the removal statute's "unanimous consent" rule. Generally, to remove a civil action based on a federal court's original jurisdiction over the matter, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendants must consent to removal within 30 days of service, unless they are joining a timely notice of removal filed by a later-served defendant. *See id.* § 1446(b)(2)(B)–(C). The defendants who remove the case "bear the burden of establishing compliance with the requirements of the removal statute, including the requirements of the joinder or timely consent of all defendants." *Westwood v. Fronk*, 177 F. Supp. 2d 536, 542 (N.D. W. Va. 2001); *see also Palmetto Automatic Sprinkler Co. v. Smith Cooper Int'l, Inc.*, 995 F. Supp. 2d 492, 495 (D.S.C. 2014) ("[W]here a defendant does not consent to removal, the party seeking removal has the burden of proving that an exception to the rule of unanimity applies."). There are exceptions to the rule of unanimity that permit fewer than all defendants to consent to removal. *See Palmetto*, 995 F. Supp. 2d at 495. "A defendant need not join in or consent to removal if: '(1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the

removed claim is independent of one or more nonremovable claims against the nonjoining defendants.'" *Id.* (quoting *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 n.4 (E.D. Va. 1992)). The statute also permits an earlier-served defendant to join a later-served defendant's notice of removal. *See* 28 U.S.C. § 1446(b)(2)(C); *see also Moore v. Svehlak*, No. ELH-12-2727, 2013 WL 3683838, at *15–16 (D. Md. July 11, 2013). Unless one of these exceptions applies, "[w]hen plaintiffs raise this procedural defect in a timely motion to remand, courts in the Fourth Circuit routinely conclude that remand is warranted." *Simon v. Regal Inv. Advisors LLC*, No. 3:16CV00090, 2017 WL 1628436, at *6 (W.D. Va. Apr. 28, 2017) (collecting cases).

Here, the defendants who were properly joined and served did not all join in or consent to removal within 30 days of service. Schneider and Brand timely removed this case on May 7, 2024. Budget, served on April 29, 2024, timely consented to removal on May 20, 2024. But Nationwide, also served on April 29, 2024, did not consent to removal until June 7, 2024—39 days after service. And Progressive did not consent until June 17, 2024—49 days after service. Because Nationwide and Progressive did not join in or consent to removal within 30 days of service, Schneider and Brand did not comply with the removal statute's requirements.

Schneider and Brand do not argue that any of the recognized exceptions to the unanimous consent rule apply here. Rather, they contend that, because Nationwide and Progressive eventually consented to the removal, the defect has been "fully cured," ECF 37, at 1, or "rendered moot," *id.* at 3. But the removal statute does not just require unanimous consent at *some* point; the statute sets a clear deadline for each defendant to voice its consent. *See* 28 U.S.C. § 1446(b)(2)(B). Failure to obtain unanimous consent "is not a mere technical defect of the type that courts have permitted a removing defendant to correct after the time for removal has expired." *Johnson v. Nutrex Rsch.*, 429 F. Supp. 2d 723, 728 (D. Md. 2006). "Excusing" untimely removal is "inconsistent with the

5

various thirty-day deadlines included in the statute and the Fourth Circuit's long-standing practice of requiring consent within thirty days of the relevant trigger event." *Gates at Williams-Brice Condo. Ass'n v. Quality Built, LLC*, No. 3:16-cv-02022-CMC, 2016 WL 4646258, at *8 (D.S.C. Sept. 7, 2016) (citing *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992)). Schneider and Brand cite no authority to support their argument that belated consent cured or mooted the procedural error.[1]

Schneider and Brand also suggest that their failure to obtain timely consent from Nationwide and Progressive is excusable because when they filed their notice of removal, they did not know that Karic had served Nationwide and Progressive. Schneider and Brand state they "were simply not privy to any information as to the status of service upon the other Defendants, despite genuine and good faith efforts to seek and obtain this information." ECF 37, at 2. They state that Karic did not respond to their request for information about whether and when he served

---

[1] Some district courts in the Fourth Circuit have excused untimely unanimous consent as "cured" when defendants "clearly communicat[ed] [their] desire to be in federal court." *Davis v. Specialized Loan Servicing LLC*, No. 3:17-cv-787, 2018 WL 3352647, at *3 (E.D. Va. July 9, 2018) (alteration in original) (quoting *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009)); *see also id.* at *3 n.6; *Raja v. Specialized Loan Servicing, LLC*, No. 1:23-cv-736 (RDA/JFA), 2023 WL 11156968, at *2 (E.D. Va. Oct. 18, 2023). However, these holdings rely on out-of-circuit authority, *see, e.g.*, *Davis*, 2023 2018 WL 3352647, at *3 (quoting *Esposito*, 590 F.3d at 77), or state separate grounds for denying remand, *see id.* at *4 ("Moreover, even if those technical problems were incurable, Davis has waived any objections on procedural grounds."). Most district courts in this circuit considering untimely consent have concluded that failure to consent to removal within the statutory timeframe, 28 U.S.C. § 1446(b)(2), is not a "curable defect." *See, e.g.*, *Alston v. Wells Fargo Bank, Nat'l Ass'n*, No. TDC-17-1085, 2017 WL 2839629, at *4 (D. Md. June 29, 2017) ("To excuse untimely consent would be to 'substantially eviscerate' the time limits established in § 1446(b)." (quoting *Easter-Greene v. Verizon Md., LLC*, No. MJG-14-1040, 2014 WL 3723228, at *7 (D. Md. July 23, 2014))); *Gates*, 2016 WL 4646258, at *8 ("[I]mposing a strict thirty-day deadline to raise procedural defects as a basis for remand is implicitly inconsistent with allowing the removing parties an open-ended deadline for meeting the procedural requirements"); *cf. Johnson*, 429 F. Supp. 2d at 728 ("[I]n accordance with the strict construction of removal statutes, this Court will remand this case to the Circuit Court for Prince George's County due to the failure of GNC to timely join in or consent to the removal of this case[.]").

Nationwide and Progressive, and that Karic did not file return summonses for Nationwide or Progressive until he moved to remand. *Id.* This conduct, according to Schneider and Brand, prevented them from obtaining timely unanimous consent to removal. *Id.* at 2–3. Again, Schneider and Brand cite no authority supporting their argument. In fact, other district courts within the Fourth Circuit have rejected similar arguments. *See Palmetto*, 995 F. Supp. 2d at 495 (explaining that, while an unserved defendant does not have to consent to removal, "lack of knowledge [of the status of service on a co-defendant] cannot satisfy the service of process exception to the rule of unanimity"); *see also, e.g.*, *Pulte Home Co. v. LS Framing, Inc.*, No. 3:23-CV-00177-KDB-DCK, 2023 WL 4745110, at *2 (W.D.N.C. July 25, 2023) ("[T]he Fourth Circuit has not recognized a removing parties [sic] lack of constructive notice as a valid exception to the rule of unanimity"). Schneider and Brand's apparent unawareness that Progressive and Nationwide were served on April 29, 2024 does not excuse their failure to timely obtain consent to removal from them. Further, Nationwide filed its answer in this Court on May 21, 2024. So Schneider and Brand were on notice then that Nationwide had been served. They could have obtained Nationwide's consent to removal within 30 days of service on Nationwide.

Schneider and Brand did not obtain unanimous consent to removal within 30 days of service on all defendants. Because Schneider and Brand have not identified any applicable exception to the unanimous consent rule, and because the Court must "strictly construe[]" removal statutes, *Barbour*, 640 F.3d at 605, Schneider and Brand have not borne their burden of establishing compliance with the removal statute. Remand is required.

### B. Waiver

Schneider and Brand argue that Karic waived his right to remand to state court by filing in federal court a motion to enter default against Schneider. Karic responds that he preserved his right

7

to seek remand by timely filing a remand motion and that he did not waive his right by seeking an entry of default against Schneider in this Court. The Court agrees with Karic.

In the Fourth Circuit, the "[f]ailure of all defendants to join in the removal petition" is "merely an error in the removal process," and "a plaintiff who fails to make a timely objection waives the objection." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). A motion to remand because of a procedural error in the removal process must be filed within 30 days of a notice of removal. 28 U.S.C. § 1447(c). Karic moved to remand on June 6, 2024, 30 days after Schneider and Brand filed their notice of removal. *See* ECF 1 & 28. His objection to removal was timely.[2] Karic, "by timely moving for remand, did all that was required to preserve his objection to removal." *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996)).

Even though Karic timely objected to removal, Schneider and Brand argue that he waived his right to remand when he moved for entry of default against Schneider in this Court on May 30, 2024, seven days before he moved to remand. ECF 37, at 4–6; *see* ECF 17. In support of this argument, they cite a 1908 Supreme Court case, *In re Moore*, 209 U.S. 490 (1908), *overruled in part on other grounds by Ex parte Harding*, 219 U.S. 363 (1911). The *In re Moore* Court held that a plaintiff "consented to accept the jurisdiction of the United States court" where

> instead of challenging the jurisdiction of the United States court by a motion to remand, [they] filed an amended petition in that court, signed a stipulation giving time to the defendant to answer, and then both parties entered into successive stipulations for a continuance of the trial in that court.

---

[2] Schneider and Brand suggest that "the efforts to remand may arguably be untimely" because Karic failed to file a proposed order pursuant to the Local Rules of this Court. *See* ECF 37, at 4 n.2; *see also* Loc. R. 105.1. Karic's failure to include a proposed order when he initially filed his motion to remand does not render his motion untimely.

209 U.S. at 496. Here, Karic did not consent to accept the jurisdiction of this Court. He timely challenged removal by filing a motion to remand within 30 days as required by 28 U.S.C. § 1447(c). *In re Moore* does not apply to these facts.

Schneider and Brand also cite out-of-circuit cases that have held a plaintiff waives their right to seek remand by engaging in "affirmative conduct" in federal court after their case has been removed. *See* ECF 37, at 4–6. To be sure, several circuits have adopted this rule. *See, e.g.*, *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996); *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 904–05 (6th Cir. 1988). But in the Fourth Circuit, "diligent objection [to removal] renders the waiver doctrine inapplicable." *King*, 337 F.3d at 425 (quoting *Waste Control Specialists v. Envirocare of Tex., Inc.*, 199 F.3d 781, 785 (5th Cir. 2000), *withdrawn and superseded in part on other grounds by Waste Control Specialists v. Envirocare of Tex., Inc.*, 207 F.3d 225 (5th Cir. 2000)). Diligent objection occurs "when the plaintiff timely moves for remand." *Id.* at 426; *see also Cent. W. Va. Reg'l Airport Auth., Inc. v. Triad Eng'g, Inc.*, No. 2:15-cv-11818, 2016 WL 685086, at *15 (S.D. W. Va. Feb. 18, 2016) (rejecting argument that plaintiff waived right to remand by "engaging in affirmative activity in federal court before filing [its] motion" because "[t]he rule . . . imput[ing] waiver of the right to remand to a plaintiff who has litigated in federal court[] is not established in our circuit.")

In their opposition, Schneider and Brand cite only one case from this circuit: *Moffit v. Baltimore American Mortgage*, 665 F. Supp. 2d 515 (D. Md. 2009), *aff'd sub nom. Moffit v. Residential Funding Co.*, 604 F.3d 156 (4th Cir. 2010). In *Moffit*, the defendants removed cases to the District of Maryland after they received the plaintiffs' draft amended complaints alleging facts giving rise to federal jurisdiction under the Class Action Fairness Act. 665 F. Supp. 2d at 516. After the cases were removed, the plaintiffs filed the amended class action complaints in federal

9

court. *Id.* Then, the plaintiffs moved to remand, arguing the defendants had removed the cases prematurely by filing the notices of removal before the plaintiffs had filed their amended complaints. *Id.* at 516 & n.1. The district court, relying on Eighth Circuit authority, denied the motions to remand on the ground that "[a] party that engages in affirmative activity in federal court typically waives the right to seek a remand." *Id.* at 517 (quoting *Koehnen*, 89 F.3d at 528). On appeal, the Fourth Circuit affirmed, but the court did not endorse the district court's reasoning that the plaintiffs had waived their right to remand by engaging in affirmative activity in federal court. *Moffit*, 604 F.3d at 160. Instead, the Fourth Circuit held that remand was inappropriate because the plaintiffs "independently conferred jurisdiction on the district court" when they amended their complaints to "allege[] 'facts that clearly give rise to federal jurisdiction.'" *Id*. at 159 (quoting *Moffit*, 665 F. Supp. 2d at 517). The Fourth Circuit reasoned

> it would be a waste of judicial resources to remand these cases on the basis of an antecedent violation of the removal statute now that jurisdiction has been established. Were we to do so, defendants would almost certainly remove the cases back to federal court in light of plaintiffs' amended class action complaints.

*Id.* at 160; *see also Christopher v. St. Vincent De Paul of Balt., Inc.*, No. No. RDB-14-3184, 2015 WL 3745025, at *4 (D. Md. June 11, 2015), *aff'd per curiam*, 631 F. App'x 138 (4th Cir. 2016) (plaintiff "waived any right to remand" when they filed an amended complaint "assert[ing] federal claims with facts giving rise to federal jurisdiction").

*Moffit*'s facts are distinguishable. Unlike the plaintiffs in *Moffit*, Karic did not file an amended complaint alleging facts that give rise to federal jurisdiction and then move to remand the case. Karic filed a motion for entry of default against a party who did not timely respond to his complaint. His motion for entry of default—even if granted—would not enable the defendants to "almost certainly remove the case[] back to federal court." *Moffit*, 604 F.3d at 160. The concerns about judicial economy that compelled the Fourth Circuit to affirm the denial of the remand

10

motions in *Moffit* are not present here. Moreover, unlike the district court, the Fourth Circuit in *Moffit* did not adopt the broad waiver rule from the Eight Circuit in *Koehnen*. *Koehnen* is not the law in this circuit.

Even if, as Schneider and Brand urge, Karic could waive his right to remand by engaging in "affirmative conduct" in federal court, several courts have declined to find a waiver when a plaintiff moved to remand and requested entry of default in federal court. *See, e.g.*, *Innovacom, Inc. v. Haynes*, No. C 98–0068 SI, 1998 WL 164933, at *2 (N.D. Cal. Mar. 17, 1998); *Alarcon v. Shim Inc.*, No. C 07–02894 SI, 2007 WL 2701930, at *3 (N.D. Cal. Sept. 13, 2007); *Solera Oak Valley Greens Ass'n v. Liberty Ins. Underwriters Inc.*, No. 5:17–CV–1972–JLS–E, 2017 WL 6509234, at *2 (C.D. Cal. Dec. 20, 2017). One case cited by Schneider and Brand, *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260 (D. Or. 2001), adopted the "minority position among the district courts to have considered the issue." *Bendminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 Civ. 5557(JPO), 2013 WL 1234958, at *5 (S.D.N.Y. Mar. 26, 2013). In *Riggs*, the district court held that a plaintiff waived her right to seek remand when she moved for an order of default in federal court before she filed her motion to remand. 233 F. Supp. 2d at 1272. As the variation in these outcomes indicates, these district courts relied on their "broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings." *Lanier*, 843 F.2d at 905. District courts in the Fourth Circuit do have not have that discretion. Even if they did, this Court would not find that Karic waived his right to remand by moving for entry of default.

Karic timely filed his motion to remand and preserved his objection to Schneider and Brand's procedural removal defect. Karic did not waive his right to seek remand by filing a motion for entry of default in this Court.

## IV. Conclusion

The removing defendants have not complied with the removal statute. They did not timely obtain the unanimous consent of all defendants who were properly joined and served. Karic's motion to remand, ECF 28, is granted. A separate order follows.

Date: November 11, 2024

  Deborah L. Boardman
  United States District Judge